## REX v STOLTZ et

Ohio Appeals, 2nd Dist, Darke Co

No 508. Decided June 18, 1937

Billingsley & Manix, Greenville, for plaintiff-appellee.

Herbert Duffy, Attorney General, Columbus, for defendants-appellants.

## OPINION

By GEIGER, J.

The plaintiff below filed her petition stating therein that she is the owner of certain real estate in Butler Township, Darke County, Ohio, amounting to one-half (½) acre; that the defendants are certain officers of the Department of Highways; that she has installed certain gasoline pumps and appropriate equipment, and made other improvements upon her land; that the Highway Department has threatened to remove said pumps, tanks, and buildings from her land, which land has not been condemned or purchased by the State, and that the State has no interest in the land; that the threatened action of the Highway Department will cause her irreparable injury; and that the threatened action of defendants is without any right whatever; and she prays for a temporary and permanent injunction against the action of the Highway Department.

To this petition the defendants answered, admitting that the plaintiff has cer-

tain interests in the property, and that she has installed gas tanks, pumps, and other structures in the vicinity of the premises described.

Defendants say that the State of Ohio has an easement over the premises described, for highway purposes, and that the plaintiff has constructed a portion of the structures upon lands subject to such easement, and that they interfere with the public use of the highway; that plaintiff was notified before the erection of the structure that the same would encroach upon the highway easement and interfere with the use of the public.

To this answer a reply was filed, denying that the state has an easement over the premises described for highway purposes, and alleging that it had waived, released and relinquished all right and interest in the property, or any portion thereof, prior to installation of the improvements described in the premises. She also denies that the structures maintained by her in any way interfere with the proper use of said highway.

The controversy arises from the fact that in 1930, the Highway Department improved a portion of State Highway No. 127, by the elimination of a sharp angle in the old highway, and by the construction of a new roadway, slightly to the west of the old highway. This removal of the road to the westward, left a small triangle containing one-half (½) acre to the eastward of the new construction.

Before the highway was improved, by the elimination of the sharp angle, the property to the west line of the old highway belonged to Mr. Robert G. Howell. In 1931, Mr. Howell conveyed the small triangular by deed of general warranty to the plaintiff herein. Most of the triangle conveyed was in the original roadway, only a small portion thereof lying to the west of the line of the old roadway.

William A. Eley is the owner of about sixteen (16) acres, east of and abutting upon the old roadway.

In constructing the improvement the Highway Department provided a narrow driveway from the gate of Mr. Eley, through which he had formerly had access to the old highway, across the triangle to the new highway.

The plaintiff has erected certain structures upon the old roadway which the state claims now encroach upon its easement and right to use the old highway for whatever purposes it may deem proper.

No proceedings have been instituted to abandon or vacate any portion of the old highway, and the abutting owner, Mr. Eley, never consented to its vacation, but always protested against its being closed or occupied, so as to interfere with his right to use the same.

The case was heard in the court below on evidence presented, most of which related to the relative positions of the old and new highway, and to the position of the structures erected by plaintiff.

Mr. Eley was not a party to the action. It is claimed by the Highway Department that it is required to protect the rights of any abutting property owner who has been denied free passage over the old highway. This position of the Highway Department appears from a colloquy during the trial, as follows:

"By the Court: Let me inquire, Mr. Williams, is the Highway Department making any claim of any infringement to the Highway Department itself, or only as it affects the access of Mr. Eley?

"Mr. Williams: Well, I think that it is conceded that back of it is the rights of Mr. Eley, but the duties of the Director of Highways is to provide access in connection with the construction of roads.

"By the Court: That is, to provide access?

"Mr. Williams: It is his duty and power to direct persons encroaching upon a highway to get off of it, and that is the thing that precipitates this action.

"By the Court: I am asking whether the highway is claiming the general rights or whether it is championing the special rights of Mr. Eley.

"Mr. Williams: It is the general duty of the Director of Highways to provide access to this property owner. This portion of the road is still a part of the State System; never has been abandoned and never been vacated and is under the control of the Director of Highways. In as much as the property owner in here wishes access it becomes the duty of the director to provide it; to keep it in proper condition for access. That is our point. But incidentally in all probability it wouldn't arise if it were not for this one particular owner who wants to use it." (Pages 65-66).

A letter from the Division Engineer to Mr. Daniel Rex, husband of the plaintiff, under date of October 20, 1934, further shows the position of the Highway Department as follows:

"Mr. Howell could of course convey all of the land on the east side of the new right of way to the center line of the old road, which I am informed is a Section line, but any such conveyance would be subject to the already existing highway 60 feet in width. Should the old right of way be vacated or abandoned legally, then its use for highway purposes would cease and you would then own a fee simple estate in all your deed describes. But until vacated or abandoned, legally, that part on which the State owns an easement cannot be used for any other than highway purposes, and the State will not permit any obstruction or encroachments to be placed thereon."

It was asserted by the plaintiff and supported by the court that the public is in no way concerned as to what may be done with the original right of way, and that the Department is not concerned with any rights of way over the premises, save and except as it might supply a reasonable access provided by the Department to an abutting owner, by reason of change of the highway.

The abandoned portion of the highway crossed a small stream known as "Twin Creek," by a bridge which has been removed by the Highway Department, so that there is now no unbroken connection between the portions of the old highway from which the traffic is now diverted, and the new.

The evidence below clearly shows that the material of the old road bed has been used in the construction of the new, and that the old road bed is now unfit for travel by the general public, and that this condition exists from Twin Creek southward to the intersection of the old right of way with the new right of way, and there is no egress northward across Twin Creek, nor is there any access from the old road way to the present improved highway, save the narrow passage way leading from the west side of the new highway across the half acre tract to Mr. Eley's gateway. It is impossible, or at least difficult for the public or the abutting property owner to pass over the old right of way, or along the line of the old pavement which has been removed.

Both termini of the old highway not now in use have been effectually destroyed, at least so far as going northward, over Twin Creek.

Mr. Eley has used the 12 foot passage way provided on infrequent occasions to haul out some loads of hay. It does not appear that Mr. Eley has other more desirable access to the highway than that provided by the narrow roadway constructed by the Highway Department.

There has been no attempt to follow any statutory method of vacation. Neither the method prescribed for the State Highway Department nor for the County Commissioners has been followed.

The question now is whether or not there may be an efficient vacation of the old portion of the highway by the actions of the Highway Department, among which might be mentioned the cutting off of the access to and from each end of the unused portion; the use of the material from the surface of the old highway to reconstruct the new, and otherwise rendering it unfit for public travel.

The court below was of the opinion that the Highway Department had abandoned the old right of way so far as it would be possible to be abandoned, "Not by mere non-user but by the acts of removal of the roadbed by destroying the access at both ends of the old right of way as a means of travel."

The authority of the State Highway Department is conferred by §1178 GC, et seq.

The present §1202 GC provides that when in altering any highway there is a portion of the existing road which the director deems "not needed for the purpose of a public highway, he shall be authorized to vacate such portion as herein provided."

Sec 1202 GC at the time of the construction of the new highway, provided that "he may vacate and abandon such portion after the manner provided for county commissioners in §6862 GC, et seq.

Sec 6869 GC touching the power of the county commissioners, provides that if the proceeding be one for alteration, etc., the commissioners shall make the order necessary to accomplish the purpose, and "that part of the road, if any, made unnecessary by any change or alteration therein shall be ordered vacated.".

The former §1202 GC, directing the state highway department to vacate after the manner provided for in §6862 GC was in effect at the time of the improvement, and counsel have cited this statute as if it were that now controlling the highway department in vacating proceedings.

We are not of this opinion. This statute merely provided the method in which vacation might be made by the state authorities, and had they begun such proceeding while that statute was in force, of course

they would have been required to act under the procedure provided for vacating by county commissioners.

However, the present statute, §1202-1 GC provides for the present procedure which is quite detailed, and provides that claims for compensation, "by reason of such vacation proceedings must be filed in writing, etc., and that failure to file such claims shall be a waiver of any claim for damages."

This would indicate that proper notice of its intent to vacate a portion of the highway must be given and an opportunity afforded to any one claiming to have been damaged by the vacation, to file a claim and receive an award.

In this case no opportunity has been afforded anyone to claim damages, and could not be if the vacation could be made by the state, by merely taking such steps in the construction of the new highway as would render the old unuseable.

Decisions of the Supreme Court, touching the question of abandonment are pertinent. These cases do not relate to any action by the highway department, because they were rendered before such authority had been established.

In McQuigg v Cullins, 56 Oh St 649, it was held that the order of the township trustees ordering vacation of a township road, has the effect to relieve the public of the duty to keep the road in repair, but that such order does not authorize the closing up or obstructing of the road against the objection of one who has acquired an easement in it. It was there held that the easement in the road held by a property owner, was in the nature of private property, for the taking of which there is no right in the public, except upon awarding compensation, and that such compensation must be made before taking.

The court refers to certain sections not now in force, and holds that neither by these sections nor by later sections is there any provision for ascertaining or awarding compensation to one whose easement would be destroyed by closing up a road ordered vacated.

The court says:

"The effect of the judgment of the trustees ordering the road vacated, is to relieve the public from any duty to keep it in repair, but it does not authorize the trustees, or anybody else, to close the road up, or obstruct it, and thus deprive Cullins of the right to travel it."

It will be observed that this vacation was ordered by township trustees, under the provisions of appropriate statute; but that so long as the one entitled to use the highway was not compensated, the road could not be closed against him.

In the case at bar there has been no appropriate statutory proceeding, but under §1202-1 GC there may be such proceeding, in which an adjacent property owner may be compensated for the loss of his highway.

In the case of Nail and Iron Co. v Furnace Co., 46 Oh St 544, will be found much that we deem pertinent to the present case.

It is there held that under a claim of abandonment of a road, proof that no work had been done on the road by public authorities for fifteen years, and that the road was at times in bad condition and impassable, and was difficult to access, and that a new road had been established in the vicinity, intended to take its place, and that for years before the suit was brought travel had been substantially diverted to the new road, and that portions of the old road had been fenced in, is not sufficient to show abandonment by the public.

The court holds:

"If non-user of such road may work an abandonment of it, the non-user must be shown to have extended over a period of twenty-one years."

Of course, this was not a county or state road, but the questions as to abandonment are quite similar.

The court states that: "The question in the case is: Did the acts of the public in omitting to do work on the road for fifteen years, and in establishing another road as a substitute for it, and use of the new by the great proportion of the public for eleven years, taken in connection with the acts of adjoining owners in fencing portions of the old road, work an abandonment of it?"

The answer of the court is in the negative.

The court states substantially:

The easement acquired could be defeated only by a vacation in conformity with the statute, or by non-user by the public for such length of time as would amount to an abandonment.

The acts and declarations relied upon as showing an intention to dedicate, must be clear and unequivocal, but, when shown,

they are effective.

Non-user by the public, in order to work abandonment, must be shown to have been as long continued as its use originally was necessary to raise a prescriptive right, or as long as an adverse claimant must show possession in order to maintain title by force of the statute of limitations.

It does not follow that the right of use is lost because more convenient facilities are furnished. In order to work an abandonment by non-user, all acts of enjoyment must have totally ceased for the same length of time necessary to create the original presumption.

The court says:

"We hold that where non-user by the public, of a street within a city is relied upon as proving an abandonment of it, such non-user must be shown to have continued for a period of twenty-one years."

"Abundant provision is made by statute, where a road or street becomes useless, for the vacation of a county road by the commissioners, a township road by the trustees, and a street in a city or village by the council thereof, or by the Court of Common Pleas. And no good reason exists why the statutory remedy may not be resorted to in all cases where there has not been a clear non-user of the street by the public for the period of twenty-one years."

Connsel for plaintiff has referred to Silverthorne v Parsons, 60 Oh St 331. In this case it is held that where the road is opened up by the commissioners on the lands conveyed for that purpose, and is so used by the public, there is a legal change in the location of the highway notwithstanding the old statutory proceedings, and "under §4669 of the Revised Statutes, so much of the original road as is rendered unnecessary by the change is vacated."

. It will be observed that this case simply holds that a road may be established by certain procedure, notwithstanding the want of statutory proceedings.

The court, however, points out that under §4669 R.S., so much of the original road as is rendered unnecessary by such alteration * * * shall be and remain vacated.

Counsel also refer to County Commissioners v B. & O., 104 Oh St 110. It is there held that where the board of county commissioners has made an order for the alteration of the highway and that such alteration has been opened and used for approximately twenty-two years, a subsequent board may not declare the former order void, notwithstanding defects.

The court states:

"Where such order has been made for the alteration of a state highway in the year 1897 and such altered highway opened for traffic, that portion of the original highway which was rendered unnecessary by the alteration automatically becomes vacated by the provisions of §4635, Revised Statutes, in force in 1897."

It may be pointed out that the court bases its judgment upon §4635, Revised Statutes:

"That all alterations of state roads heretofore or hereafter made and established, shall form a part of said road, and so much of the original road as lies between points at which the alteration intersects, shall be and remain vacated."

Two sections of the Rev. Statutes are referred to in connection with vacations in these cases, to-wit, §4669, R. S., which became §6924 GC, and §4635 R. S., which became §6859 GC.

Under these sections it may be possible that an abandonment was automatically effected, without further statutory proceedings. But neither of these sections are now in force, or were at the time of this improvement, both having been repealed prior thereto, and we have not been able to find that there is any section of statute which provides that when a road or a portion of a road is no longer used by reason of he construction of a new road, that that fact automatically works a vacation of the unused portions. We think it unfortunate that these sections were repealed without the pasasge of other laws that would automatically work a vacation of that portion of the old roadway no longer useful, by reason of the establishment of the new.

We are of the view that the Highway Department has no inherent right by any acts or procedure, other than a strict compliance with the statute, to work a vacation of a roadway or a forfeiture of an easement over a road which may have become of little use by virtue of the shifting of a highway.

The statute provides the exclusive method.

This view relieves us of weighing the evidence in this case.

Judgment of the court is reversed—injunction dissolved—petition dismissed at the cost of plaintiff.

BARNES, PJ, and HORNBECK, J, concur.